UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN JAQUEZ,<br><br>                              Plaintiff,<br><br>           -against-<br><br>CARMEN CRUZ,<br><br>                              Defendant. | 24-cv-06806 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      On September 9, 2024, Defendant filed a notice of removal to this Court alleging jurisdiction based on diversity under 28 U.S.C. § 1132. Dkt. 1, ¶ 11. Despite Plaintiff's allegation in the Complaint that he is a resident of New Jersey, Dkt. 1 ("Compl.") ¶ 1, Defendant avers that Plaintiff is domiciled in New York (and Defendant is domiciled in New Jersey). *Id.* ¶¶ 12, 13. Defendant cites to the underlying police accident report from the automobile accident at issue in this case in support of their Notice of Removal, which appears to indicate a New York address based on what is reflected on Plaintiff's driver's license. Dkt. 1-5 (requesting driver's name and address "exactly as printed on license"). As this Court previously advised, however, a driver's license in New York does not mean that Plaintiff is necessarily domiciled in New York. *See* Dkt. 5 at 1 (citing to *Agoliati v. Block 865 Lot 300 LLC*, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023).

      This Court has an independent obligation to ensure that it has subject matter jurisdiction over matters brought to federal court. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). For that reason, the Court ordered Defendant to show cause as to why the case should not be remanded to State Court. Dkt. 5. Both parties have provided

submissions on this issue. Having reviewed the information presented, the Court determines that Defendant has not met her burden of establishing subject matter jurisdiction.

"A [party] asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, Defendant relies upon (1) the fact that Plaintiff merely alleged *residency* in New Jersey in the complaint, and (2) the underlying police accident report from the automobile accident at issue lists a New York address on Plaintiff's driver's license. Dkt. 8. The Court agrees that pleading residency is not by itself sufficient to establish citizenship. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship.").

However, Plaintiff has since come forward with sufficient evidence to show that he is domiciled in New Jersey and not New York. Domicile is the place where a person has his "fixed home and principal establishment, . . . to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F. 3d 945, 948 (2d Cir. 1998). Aside from his verified Complaint attesting that he resides in New Jersey, Compl. ¶ 1, Plaintiff has presented further evidence of his domicile in New Jersey, including a bank statement demonstrating that Plaintiff has a New Jersey bank account; an energy bill from PSEG demonstrating that Plaintiff pays a New Jersey energy bill at his residence; a W2 listing a New Jersey address; and certified mail that Plaintiff receives from his employer listing a New Jersey address as Plaintiff's residence. Dkt. 11. Plaintiff also states that he has lived in his New Jersey residence continuously with his wife and children for the last 13 years, his son attends elementary school in New Jersey, and his wife cares for his second child in their home in New Jersey. *Id.* Plaintiff also pays New Jersey taxes. *Id.* The totality of the facts presented establishes that Plaintiff's domicile is in New Jersey. *See, e.g., Saxon v. Megabus USA, LLC*, 2019 WL 13231126, at *3 (E.D.N.Y. Nov. 5,

2019) (looking to totality of the evidence, including where taxes are filed and where party resides and cares for her mother, in determining domicile).

Therefore, the Court finds that Defendant has not met her burden of proving subject matter jurisdiction by a preponderance of the evidence. The Court REMANDS Plaintiff's case to the Supreme Court of New York, New York County due to the lack of diversity between Plaintiff and Defendant.

Dated: October 8, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge